EOGEBS, Justice.
 

 The record presents for review appeals from two judgments rendered in separate suits which were consolidated for the purpose of trial. One of the appeals is by Nicholas Lamantia, testamentary executor' of Mrs. Mary Babst Cooney, and two of the heirs of Mrs. Cooney from a judgment rendered in a suit filed by the appellants against Peter A. Cooney. The other is by Percy S. Cooney, testamentary executor of Peter A. Cooney, from a judgment dismissing a suit brought in the succession of Mrs. Mary Babst Cooney by Peter A. Cooney against Nicholas Lamantia, testamentary executor, and the heirs of Mrs. Cooney. Peter A. Cooney died before the suits were tried, and Percy S. Cooney, his testamentary executor, was made a party to both suits.
 

 This litigation arises out of the following state of facts, viz.:
 

 On March 16, 1928, Peter A. Cooney, by an authentic act, made a dation en paiement to his wife, Mrs. Mary Babst Cooney. The property conveyed by Cooney to Mrs. Cooney consisted of a certain piece of real estate burdened with a mortgage of $6,870.37. Mrs, Cooney accepted the property conveyed in payment and satisfaction of a debt which was declared and acknowledged in the act to be $13,000 lent by Mrs. Cooney to her husband out of her separate and paraphernal funds. Cooney bound himself in the act to pay and cancel the mortgage resting on the property within a reasonable delay.
 

 Mrs. Cooney died on February 2,1931. Her succession was opened in the following month, and Nicholas Lamantia, her son-in-law, qualified as her testamentary executor. Lamantia found the property conveyed to Mrs. Cooney by the dation en paiement burdened with the mortgage therein mentioned, and he made demand upon Cooney to discharge the obligation in accordance with the terms of the act. Cooney failed to comply with the demand, and on December 22, 1931, Lamantia, as testamentary executor, joined by Mrs. Cooney’s two children by a previous marriage, who had acquired the interest of Percy S. Cooney, their half-brother, in his mother’s estate, brought suit against Cooney to recover the amount of the mortgage and an additional sum of $270 alleged
 
 to
 
 be due by Cooney to his wife’s succession. The suit was filed on December 22, 1931, and on February 16, 1933, Cooney filed his answer thereto. Prior to the filing of his answer, however, Cooney had instituted a suit in his wife’s succession to annul the dation en paiement as having been executed in error of his legal rights and obligations and in payment of a debt due by the National Oil Works of Louisiana, Inc., of which he was president, and not by himself personally. This suit was filed on January 7, 1932, almost a year after the death of Mrs. Cooney.
 

 
 *12
 
 The court below rendered a judgment dismissing the suit filed by Peter A. Cooney against his wife’s succession, and his testamentary executor has appealed from the judgment. In the suit brought by Lamantia, testamentary executor, and others against Peter A. Cooney, the court below rendered judgment for $6,870.37. the amount of the mortgage indebtedness at the time the dation en paiement was executed, but subject to a credit of $6,000. The judgment is silent as to the additional sum of $270 claimed by plaintiffs. From this judgment plaintiffs have appealed. Cooney’s executor has answered the appeal, praying for a reversal of the judgment, or, in the alternative, that it be affirmed.
 

 Stripped of all extraneous contentions, the only questions presented for decision are whether Peter A. Cooney was indebted to his wife, when he executed the dation en paiement, and, if so, whether the mortgage therein assumed by Cooney is subject to a credit of $6,000, as found by the trial judge.
 

 The record shows that Mrs. Mary Babst Cooney was married twice. Her first husband was Charles J. Hahn and her second husband was Peter A. Cooney. On the death of her first husband, Mrs. Cooney became possessed of property worth approximately $10,000 or $12,000. At the time she married Cooney, he was working for a salary and had nothing. Shortly after his marriage, Cooney entered the oil business, which he conducted in corporate form under the name of the “National Oil Works of Louisiana, Inc.”
 

 Mrs. Cooney was a thrifty woman, and during the time elapsing between the death of her first husband, Hahn, and her marriage .to Cooney, and during the existence of her second marriage, her property undoubtedly greatly increased in value. But, be that as it may, the record shows that as early as 1905 Cooney owed his wife $5,500, and that he liquidated the indebtedness by making her a dation en paiement of a piece of real estate situated at the corner of Leontine and Magazine streets, in the city of New Orleans.
 

 Neither in his answer to the suit of Lamantia, testamentary executor, nor in his petition in the suit which he filed in the sucees-' sion of his wife, was it disputed by Cooney that Mrs. Cooney was possessed of sufficient paraphernal funds to make the loans in satisfaction of which on March 26, 1928, he executed the dation en paiement. The only contention set up by him in both pleadings was that the loans were not made to him personally, but to the National Oil Works of Louisiana, Inc., and that he signed the dation en paiement in error of fact as to his liability for the indebtedness.
 

 The trial judge failed to find any merit in Cooney’s contention, which he disposed of in the following language, viz.: “In my opinion, the dation en paiement is valid. I believe the evidence and the pleadings show that the attack upon it by Mr. Peter A. Cooney nearly a year after his wife’s death was merely an afterthought. Mr. Cooney’s claim of error is entitled to no weight. He was a man of large affairs and had, at various times in his life, accumulated considerable fortunes. The dealings between himself and his wife as regards money matters had always been in a careful and strictly businesslike manner. I believe the evidence shows that the money was loaned to Mr. Coo
 
 *14
 
 ney personally. What he did with the money after receiving it cannot in any way change the situation. During his wife’s life, not a single word was ever said by anyone which cast the slightest doubt upon the validity of the dation en paiement. When the Hahn heirs were sent into possession of their mother’s separate property, including the property which was given in the dation en paiement to her, Mr. Cooney raised no protest. Again, when his son, Percy S. Cooney, sold his undivided one-third interest in the separate property of his mother to the Hahn heirs, including therein the same property which was given in the dation en paiement, the older Mr. Cooney made no protest. It is fair to presume that he knew of these legal proceedings at the time they occurred.”
 

 The fact that Cooney gave his wife the corporation’s notes, signed by him as president, and many of which were indorsed by him personally, is not sufficient to fix the indebtedness as that of the oil company and not that of Cooney, in view of the countervailing evidence in the record. The corporation was owned and managed by Cooney. To all intents and purposes, Cooney was the corporation. The act of Mrs. Cooney in advancing the money to Cooney, personally, for the use of his oil company, was not inconsistent with her solicitude for the welfare of her two sons, one by Hahn and the other by Cooney, who were employees of the corporation. So far as the money obtained by Cooney from Mrs. Cooney benefited the oil company, it benefited Cooney himself. And the inescapable fact is that Cooney believed he, and not the corporation, owed the money to his wife, because he signed a solemn notarial act acknowledging that indebtedness. It was only when he was called upon to pay the mortgage which he had expressly agreed in the act to pay that he set up, plainly as an afterthought, the plea the act was executed in error.
 

 The trial judge, after upholding the validity of the dation en paiement, allowed Cooney’s executor a credit of $6,000 on the amount of the judgment rendered against him. No specific reasons are assigned for the allowance, and hence we are not informed upon what theory it was made. For our part, we do not find any substance in the claim. Cooney’s allegation that he gave the $6,000 to his wife for the purpose of discharging the mortgage indebtedness is not supported by the record. The money was paid by Cooney to Mrs. Cooney on January 21, 1927, which was fourteen months before the dation en paiement was executed. No reason is suggested why Cooney could not have discharged the mortgage indebtedness himself rather than imposing that burden upon his wife. And the dation en paiement was executed without any reference to, or apparently any inquiry by Cooney concerning, the alleged payment of $6,000 on account of the mortgage indebtedness which he was expressly binding himself to discharge.
 

 The record discloses that in 1923 Cooney was considerably indebted to his wife, and that, if his business was to be saved, it would be necessary for her “to serve as his banker” and advance him money to pay his pressing creditors and lend him money from time to time as his needs required. The $6,000 which Cooney paid his wife in January, 1927, was evidently in part payment of the money which he had received from her prior to that date. In March, 1928, fourteen months later, there was still a balance of $13,000 due her,
 
 *16
 
 as he admitted when he signed the dation en paiement.
 

 The trial judge refused to allow Cooney’s claim, in the alternative, for $1,424.24 for taxes, repairs, and water bills. As no complaint is urged against the ruling, it is not necessary for us to consider it.
 

 The testamentary executor of Mrs. Cooney claims $95.00, representing rent of J. B. Harvey and dividends of the Conservative Homestead Association and Oak Homestead Association, which he claims that Cooney collected and used after the death of his wife. Our examination of the record has failed to disclose any proof to sustain the claim that Cooney collected the dividend checks issued by the homestead associations. The claim that he collected the Harvey rent, $35, appears to be correct, and his succession should be held liable therefor.
 

 The testamentary executor of Mrs. Cooney also claims $175 for rent of the apartment in which the Cooneys lived prior to the death of Mrs. Cooney. The rent claimed is for Mr. Cooney’s occupancy of the premises for five months after the death of his wife. We do not think this claim should be allowed. The evidence shows that on the death of his wife no rent was demanded of Mr. Cooney, and it was apparently ttaSerstood he would be permitted to remain in the premises rent free until things were adjusted. It was only when an antagonism developed between Cooney and the children of Mrs. Cooney that Mrs. Cooney’s executor demanded any rent from Mr. Cooney, at which time he removed from the premises.
 

 Eor the reasons assigned, it is ordered that the judgment herein appealed from rendered in the succession of Mrs. Mary Babst Cooney, dismissing the suit filed by Peter A. Cooney, be affirmed. It is further ordered that the judgment herein appealed from rendered in favor of Nicholas Lamantia, testamentary executor, against Percy S. Cooney, testamentary executor, be amended by increasing the principal amount of the judgment from $6,-870.37 to $6,905.37. It is further ordered that the credit of $6,000 allowed defendant be set aside and stricken from the judgment; costs of suit to be paid by the defendant.